# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3855 | **DATE** | June 12, 2013 |
| **CASE TITLE** | Preciliano Garcia, Sr.(#24697) v. Kane County Adult Justice Center | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Kane County Adult Justice Center officials to deduct $46.06 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts office at the Kane County Adult Justice Center to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in the custody of the Kane County Adult Justice Center (hereinafter, "KCAJC"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement. More specifically, he alleges that between May 23, 2010, and November 1, 2012, he spent two time periods (one for nine days, and one for twenty-five days) in segregation without a mattress. He alleges that he was forced to sleep on a cold steel surface.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $46.06. The supervisor of inmate trust accounts at the KCAJC is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The KCAJC inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

**STATEMENT (continued)**

Initially, the first time period Plaintiff complains of is from May 23, 2010, to June 1, 2010. Any claim from that period would be barred as untimely. The Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984), that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F. 2d 738, 741 (7th Cir. 1992). As any claim from 2010 is barred by the statute of limitations, Plaintiff is barred from raising it here.

Additionally, Plaintiff's claim does not rise to the level of a constitutional deprivation. Plaintiff alleges that from October 7, 2012, to November 1, 2012, a period of twenty-five days, he was denied a mattress to sleep on in segregation (presumable triggered by special security concerns relating to Plaintiff's conduct). The Seventh Circuit Court of Appeals has held that a denial of a mattress in a jail setting, for a short period of time, does not amount to the kind of " atypical and significant hardship" that amounts to a violation of the due process clause. *Stephens v. Cottey* 145 Fed. Appx. 179, 181 (7th Cir. 2005). Further, judges of this court have routinely ruled that being assigned to sleep on the floor, while undesirable and unfortunate, is not itself enough to give rise to an arguable due process claim of punishment. *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D. Ill. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 759 (N.D. Ill 1993). A bed frame without a mattress seems no more of a hardship. Consequently, Plaintiff has failed to state a claim for unconstitutional conditions of confinement, and this case is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and shall remain closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."